The material question in this case is, whether the contingent interests, by way of executory devises, of the sisters were effectually released to their brothers. If anything future passed, it was, of course, the right of each daughter of the testator; as that was the evident intention of the parties, and the terms of the deed will admit of that construction. I shall speak only of the right (if it may be so called) of Mrs. Miller. She had, upon the testator's death, a determinable fee in the one-seventh part of the land and a right to succeed to a portion of the estate in it devised to either of her brothers or sisters who might die without lawful issue in her lifetime. Was that right releasable to her brothers?
The right was, of course, not an existing estate in the lands at the time of the execution of the release. It was not then certain that it would ever ripen into an estate in Mrs. Miller. *Page 396 
It was, therefore, what is denominated in the books a possibility. Lord Chief Baron COMYN says, in his Digest (TitleRelease, B., 3): "If a man releases all his right in land this extends to all his present right, though he has a present right only to a reversion or remainder after an estate for life or years in esse." And "also, though he has only a possibility upon a condition broken or a contingency (R. Jon., 17)." The author of Sheppard's Touchstone (supposed to be Justice DODRIDGE), (322), says: "Also, possibilities of land, c., if they be near and common possibilities, albeit they be not grantable over to another person, yet may they be released to him that hath the present estate of the land." This author does not define what may be a near and common possibility, but he doubtless has reference to the time and nature of the contingency on which the future estate may vest. Now, in this case, the contingency must be, if at all, in the lifetime of a single person. That is not deemed remote, in a legal sense, when applied to executory devises. They are deemed remote when they depend upon some contingency which may extend beyond the lives of designated persons (the number being unlimited at common law but restricted to two by our statute), and a brief time after the death of the survivor. A possibility may, therefore, be deemed a near one which must eventuate, one way or the other, during the life of a single person. Neither is it an uncommon event that one of seven persons should survive one or more of the others, or that the precedent death might be of those who had no lawful issue. There is a distinction between possibilities which are releasable and those which are not, which seems to be fairly presented by the instances usually mentioned, although I do not recollect seeing it distinctly stated in any authority. There are some which depend solely upon expectation or presumption, and which may fail through the will of another. Thus there is generally an expectation or presumption that a lawful child of a proprietor of land in fee simple will inherit it, or a part of it, upon the death of the parent. But that may be prevented not only by the premature death of the child, but also by a *Page 397 
conveyance or devise to another by the parent. In such case there is no existing right in the presumptive heir, and a release by him would be inoperative. When, however, there is an existing right in one, which cannot be defeated by the volition or action of another, to a future estate upon a contingency there is something upon which a release might operate. It is not what Chief Justice WILMOT called a mere nonentity. The authors speak of it as a right coupled with a contingent interest in real estate: such a fixed right to a contingent estate may be released. This subject was elaborately discussed in the case ofJackson v. Waldron (13 Wend., 178). That arose on the celebrated (in the law) will of Medcef Eden. In that, as is well known, there were devises of determinable fees to the testator's two sons, with an executory devise to the survivor, if he who died first should depart this life without lawful issue. The two sons joined in an assignment of a mortgage given by a former owner, and which was held by their father at the time of his decease, and in the assignment there was a special clause conveying all the right, title and interest of the assignors, of, in and to the mortgaged premises, to the assignee. The question was, whether the executory interest of the survivor passed to the assignee by such conveyance, and it was decided it did not. That did not raise the question whether one of the brothers could have released his right of contingent succession to the other. The assignment was a conveyance to a stranger, not a release to one having some prior estate or interest in the land. The Chancellor and Senator TRACY went elaborately into the discussion as to what possibilities were transmissible, what were releasable and what were neither. The Chancellor thought that the interest of the survivor, to which he was contingently entitled under the executory limitation in the will, passed to the assignee of the mortgage under the peculiar phraseology of the assignment. Senator TRACY came to the conclusion, that if the person who was to succeed to the estate had been definitely named, then he might have released his right; but that when there is (as there was in that case) a devise of a possibility to *Page 398 
the survivor there was no designation of the person, and, that therefore, there was nothing which either could release. He quoted Chancellor KENT, who says (4 Com., 262), "if the person be not ascertained, they are not then possibilities coupled with an interest." But was that principle applicable to the case which the senator was discussing, or is it applicable to that which I am now considering? In all cases one having a possibility may never succeed to the estate. The question in most cases is, whether the person who may have the estate upon a specified contingency is designated. If so, it matters not what the contingency may be, whether of survivorship or of any other circumstance, there is a right in the person named. The confusion in the mind of the learned and eloquent senator in the case ofJackson v. Waldron, was caused by the fact that in that case the right by survivorship was common to two. Had the contingency, by which an estate was to vest in one of the brothers, been the prior death without legal issue of some other person, he would not have supposed that there could have been any more than the ordinary uncertainties upon which executory devises are made to depend. In the case under consideration there was a devise to Mrs. Miller upon the contingency that she should survive either of her brothers or sisters who should die sine prole. There was clearly a designation of the person who was to take in those events. The uncertainty which accompanies a mere naked possibility is as to the person who may succeed to the estate upon the occurrence of the contingencies. In this case there is none. I repeat it, survivorship is a contingency; and all that is necessary in order to attach an interest is that in the event of one person outliving another the devisee should be designated.
Why should not one have the power to release a contingent right to land in himself to the existing qualified proprietor? Such a right by unfettering estates would be more beneficial, certainly to the present owner, probably to both parties. It could be prejudicial to none, as the object of neither could be to encourage litigation; but the motive and probably the tendency would be the other way. *Page 399 
The judgment should be reversed, and there should be a new trial: the costs to abide the event of the suit.
COMSTOCK and GROVER, Js., concurred in both the preceding opinions. ALLEN, J., concurred in that of SELDEN.